Return Date: May 25, 2022

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
In re:

MEMORY LANE MUSIC GROUP, LLC                     No. 8-22-70838 (AST)
                                                 Chapter 11
        Debtor.
--------------------------------------------------------------------------------x

## NOTICE OF THE *BUNCH* CREDITORS' MOTION TO DISMISS CHAPTER 11 CASE

**PLEASE TAKE NOTICE** that upon the annexed application of the *Bunch* Creditors,[1] a hearing will be held before the Hon. Alan S. Trust, Chief Judge of the Bankruptcy Court for the Eastern District of New York, to consider the motion for an Order to dismiss Memory Lane Music Group, LLC's Voluntary Petition for Non-Individuals Filing for Bankruptcy pursuant to 11 U.S.C. § 1112(b), as well as for such other and further relief as the Court may deem just and proper.

        Date and time of hearing: May 25, 2022, 11:30 A.M.
        Location: U.S. Bankruptcy Court
        290 Federal Plaza, Courtroom #960
        Central Islip, New York, 11790

---

[1] Memory Lane Music Group, LLC's former clients that Mr. Spier stated were "all represented by the Songwriter's Guild of America" in Dkt. 2, ¶ 7, including, but not limited to, the Plaintiffs in *William Bunch, et al. v. Memory Lane Music Group, LLC, et al.*, Index No. 654117/2019 (N.Y. Sup.).

Dated: New York, NY
April 29, 2022

Respectfully submitted,

/s/ *Glenn Greenberg*
Glenn Greenberg
MENDES & MOUNT, LLP
750 Seventh Avenue, 24th floor
New York, NY 10019
212.261.8211
glenn.greenberg@mendes.com

*Attorney for the* Bunch *Creditors*

Glenn Greenberg
MENDES & MOUNT, LLP
750 Seventh Avenue, 24th floor
New York, NY 10019
212.261.8211
glenn.greenberg@mendes.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------x
In re:

MEMORY LANE MUSIC GROUP, LLC           No. 8-22-70838 (AST)
                                                                        Chapter 11

         Debtor.
---------------------------------------------------------------------------------x

## MOTION TO DISMISS CHAPTER 11 CASE

**TO THE HON. ALAN S. TRUST, Chief Judge of the Bankruptcy Court for the Eastern District of New York**

The *Bunch* Creditors[1] make this Motion to Dismiss Memory Lane Music Group, LLC's Voluntary Petition for Non-Individuals Filing for Bankruptcy pursuant to 11 U.S.C. § 1112(b).

In support of this Motion, the *Bunch* Creditors hereby allege that the Court should dismiss Memory Lane Music Group, LLC's Voluntary Petition for Non-Individuals Filing for Bankruptcy because it was filed in bad faith and without any reasonable likelihood that Memory Lane Music Group, LLC ("MLMG") would successfully reorganize.

### Background and Jurisdiction

1.      The Debtor filed a voluntary petition under Subchapter V on April 25, 2022 and this Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[1] Memory Lane Music Group, LLC's former clients that Mr. Spier stated were "all represented by the Songwriter's Guild of America" in Dkt. 2, ¶ 7, including, but not limited to, the Plaintiffs in *William Bunch, et al. v. Memory Lane Music Group, LLC, et al.*, Index No. 654117/2019 (N.Y. Sup.).

2.  Movants include plaintiffs in a breach of contract action pending in the New York Supreme Court, *William Bunch, et al., v. Memory Lane Music Group, LLC, et al.*, (Index No. 654117/2019) (N.Y. Sup.) filed against the Debtor, Mark Spier (the Debtor's Managing Member), three of the Debtor's subsidiaries (Larry Spier Music, LLC, Scion Three Music, LLC, and Scion Four Music, LLC), and three affiliated companies (Royalty Solutions Corporation, Adaken Music Holding, LLC, and Princess Lola Music, LLC).

### Grounds for Motion

3.  "The Second Circuit has held that a bad faith filing constitutes cause for dismissal or conversion of a chapter 11 case." *In re D&G Constr. Dean Gonzalez, LLC*. 635 B.R. 232, 238 (Bankr. E.D.N.Y. 2021) ("*D&G*"), citing *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2d Cir. 1997). "A bankruptcy filing is made in bad faith if the petition was found to have been filed solely to avoid the consequences of adverse state court litigation." *D&G*, 635 B.R. at 239. "In addition, a petition may be deemed a frivolous filing if 'there was no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings at the time of filing.'" *Id*. at 233.

4.  As a result, in determining whether a petition was filed in good faith, the Court should consider, as applicable, "i) whether the Debtors filed their Chapter 11 petitions as a tactic to obtain a litigation advantage, ii) whether the Debtors' reorganization effort is essentially a two party dispute, iii) the nature and extent of the Debtors' assets, debts and business operations and iv) whether there is a reasonable probability that a reorganization plan can be proposed and confirmed." *In re HBA E., Inc.*, 87 B.R. 248, 259 (Bankr. E.D.N.Y. 1988) ("*HBA*").[2] "No single

---

[2] Most of the factors discussed in both *In re C-TC 9th Ave.* and *D&G* fall within the four factors Judge Feller articulated in *HBA*. *Compare In re C-TC 9th Ave. P'ship*, 113 F.3d at 1311 (2d Cir. 1997) (factors 1, 4, 5, 6, 7, and 8), *and D&G*, 635 B.R. at 239 (same), *with HBA*, 87 B.R. at 259 (factors 1-4). The remaining *C-TC* factors are not relevant in this case. *In re C-TC 9th Ave. P'ship*, 113 F.3d at 1311(addressing the number of unsecured versus

factor is determinative of the issue of good faith, but rather the bankruptcy courts must examine the facts and circumstances of each case." *Id*.

### i. MLMG Improperly Filed Its Chapter 11 Petition as a Tactic to Obtain a Litigation Advantage.

"[F]iling a Chapter 11 petition merely to obtain tactical litigation advantages is not within the legitimate scope of the bankruptcy laws[.]" *In re 15375 Mem'l Corp. v. Bepco, L.P.*, 589 F.3d 605, 625 (3d Cir. 2009); *HBA*, 87 B.R. at 258-60; *Lippman v. Big Six Towers, Inc.*, No. 20-CV-973 (WFK), 2021 WL 1784312, at *4 (E.D.N.Y. May 5, 2021). In particular, "the automatic stay was not intended to grant defendants a last-minute escape chute out of pending civil litigation." *HBA*, 87 B.R. at 260. MLMG's Managing Member, Mark Spier, has explicitly stated that MLMG filed the petition for the purpose of staying *William Bunch, et al. v. Memory Lane Music Group, LLC, et al*. Dkt. 2 at 3, ¶¶ 8-9. Thus, MLMG filed the petition for a purpose that is outside the legitimate scope of the bankruptcy laws. *HBA*, 87 B.R. at 258-60; *in re 15375 Mem'l Corp. v. Bepco, L.P.*, 589 F.3d at 625; *Lippman*, 2021 WL 1784312, at *4.

Not only was the petition filed for an impermissible purpose, but it appears that the filing was motivated, at least in part, by the interests of every defendant in the *Bunch* case <u>except</u> MLMG. Specifically, Mark Spier indicated that MLMG filed the Petition because "it was advised by counsel that the [alter ego claims against himself, MLMG's subsidiaries, and MLMG's affiliated entities] cannot proceed in state court independent of the claim against the Debtor." Dkt. 2 at 1, 3, ¶¶ 1, 8. Mr. Spier's self-interested act to avoid "the risks [he and the other alleged alter egos] faced from alter ego claims" is also not a legitimate use of bankruptcy laws. *In re 15375 Mem'l Corp.*, 589 F.3d at 625; *HBA*, 87 B.R. at 258-60; *Lippman*, 2021 WL 1784312, at *4.

---

secured creditors and whether the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt).

There can be no legitimate dispute that MLMG filed its petition as a tactic to obtain a litigation advantage.

### ii. MLMG's Reorganization Effort Is Essentially a Two Party Dispute.

MLMG's reorganization effort is the quintessential two party dispute that can and should be resolved in New York Supreme Court.

"An important factor to consider in determining whether a Chapter 11 case was initiated in good faith is whether the reorganization effort essentially involves a two-party dispute which can be resolved in a non-bankruptcy forum." *HBA*, 87 B.R. at 260.

At the time the petition was filed, the *Bunch* case was ready for trial. *See* Dkt. 11 at 2-3. There were no other pending lawsuits against MLMG. Dkt. 2 at 5, ¶ 22. None of MLMG's other debts were so significant or pressing as to require resort to Chapter 11. *See HBA*, 87 B.R. at 260. Rather, there were the *Bunch* Creditors, who represent more than 81 percent of MLMG's debts to its largest unsecured creditors, and the remaining fifteen "large" unsecured creditors, all with whom MLMG has apparently reached payment plans. Dkt. 2 at 8-10; *see id*. at 3, ¶¶ 7-8. MLMG's only secured creditor is Capital One Bank. *Id*. at 4. The amount MLMG owes Capital One has not changed since the beginning of 2020. *Compare id*. at 4, *with id*. at 61. Thus, no evidence can be adduced that any creditor other than the *Bunch* Creditors "were pressuring for payment. The Debtors' problems are intrinsically interwoven with their disputes with [the *Bunch* Creditors] and cannot be cured absent their favorable resolution. The Chapter 11 petitions were filed for that purpose." *HBA*, 87 B.R. at 260. As in *HBA*, the Court should conclude that this is impermissible and dismiss MLMG's petition.

### iii & iv. The Nature and Extent of MLMG's Assets, Debts and Business Operations and the Probability that a Reorganization Plan Can Be Proposed and Confirmed Demonstrate that the Petition Was Not Filed in Good Faith.

The final two *HBA* factors do not redeem MLMG's petition. As held in *HBA*, "[t]he existence of disputes or contingencies relating to a debtor's only possible significant assets constitutes basis for dismissal of a Chapter 11 petition as not being filed in good faith." *Id.* at 261. At the time the petition was filed, MLMG had relatively little cash in its bank accounts. *See* Dkt. 1 at 11. Its only significant asset is its ownership interest in music copyrights. *See id.* at 11-14. The value of a music copyright is inherently speculative and even MLMG seems unable to determine the value of its copyrights. On the one hand, MLMG states that its copyrights are worth $750,000, *see e.g.*, Dkt. 1 at 13; on the other hand, MLMG declares that all of its assets are worth $300,000. *Id.* at 16. These statements seem irreconcilable and confirm that there are disputes or contingencies relating to MLMG's only possible significant asset. *See HBA*, 87 B.R. at 261

Finally, and significantly, MLMG has no real hope of reorganizing. It has no employees. Dkt. 2 at 5 ¶¶ 24. It has no payroll. *Id.* It no longer even substantively operates; instead, it has ceded all of its operations to another publishing company. *Id.* at 3, ¶ 7. Thus,

> There is virtually no money to run the business, no cognizable assets to fund a plan of reorganization and no realistic probability of a successful reorganization. Where, as here, the totality of facts and circumstances rise to a level of egregiousness compelling a conclusion that the reorganization process is being perverted, we are constrained to dismiss the Chapter 11 petitions as not being filed and maintained in good faith.

*HBA*, 87 B.R. at 262.

Wherefore, the *Bunch* Creditors pray for entry of the attached Proposed Order granting dismissing this Chapter 11 case with prejudice.[3]

Dated: New York, NY
 April 29, 2022

        Respectfully submitted,

        */s/ Glenn Greenberg*
        Glenn Greenberg
        MENDES & MOUNT, LLP
        750 Seventh Avenue, 24th floor
        New York, NY 10019
        212.261.8211
        glenn.greenberg@mendes.com

        *Attorneys for* Bunch *Creditors*

---

[3] Additional sanctions may be warranted. *See D&G*, 635 B.R. at 241. However, the *Bunch* Creditors recognize that the Court "must exercise its discretion to determine the minimum sanctions necessary to deter future sanctionable conduct." *Id.* The Court has addressed these types of issues on many occasions. Rather than seek sanctions, the *Bunch* Creditors leave it to the Court to address *sua sponte* to the extent it deems it necessary. *See id.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:                                                                                          No. 8-22-70838 (AST)
                                                                                                                       Chapter 11

MEMORY LANE MUSIC GROUP, LLC

        Debtor.
-----------------------------------------------------------------------------------x

### [PROPOSED] ORDER DISMISSING CHAPTER 11 CASE

On May __, 2022, the Motion of the *Bunch* Creditors to dismiss the Debtor's Chapter 11 Case, dated April 29, 2022, came before the Court. This Court, having considered the evidence presented and the arguments of the parties, and with good cause appearing therefor, it is hereby

**ORDERED,** that Memory Lane Music Group, LLC's Voluntary Petition for Non-Individuals Filing for Bankruptcy is dismissed with prejudice.

                                                                                             _____
                                                                                             The Honorable Alan S. Trust
                                                                                             Chief Judge of the Bankruptcy Court
                                                                                             for the Eastern District of New York

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re: Memory Lane Music Group, LLC

Case No. 22-70838-ast

Chapter 11

                                            Debtor.
------------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned certifies that on  April 29, 2022 , a copy of
(Date of Service/Mailing)

 Notice of the Bunch Creditors' Motion to Dismiss Chapter 11 Case and accompanying documents ,
(Title of Document(s) served)
was deposited in an enclosed, properly addressed postage-paid envelope, and served by

 U.S. Post Office Priority Mail
(Method of Delivery, e.g., Federal Express Overnight, U.S. Post Office Priority Mail…..)
upon the following *[below specify the name and mailing address of each party served]*:

See Attachment A (Dkt. 21).  All recipients as listed on page 1 of Attachment A except the Bunch Creditors, the Debtor, and Mark Spier.  The Debtor was served via his counsel at the following address:

Howard P. Magaliff
Rich Michaelson Magaliff LLP
335 Madison Avenue, 9th Floor
New York, NY 10017

Mark Spier was served via his counsel at the following address:

Ronald S. Beacher
Pryor Cashman, LLP
7 Times Square, 40th Floor
New York, NY 10036

Dated: April 29, 2022           /s/ Glenn Greenberg
                                          Signature
                                          Print name: Glenn Greenberg
                                          Address: 750 Seventh Ave., #24
                                                         New York, NY 10019
                                          Phone: (212) 261-8211
                                          Email: glenn.greenberg@mendes.com

United States Bankruptcy Court
Eastern District of New York

In re:     Case No. 22-70838-ast

Memory Lane Music Group LLC     Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0207-8     User: admin     Page 1 of 3

Date Rcvd: Apr 26, 2022     Form ID: pdf002     Total Noticed: 45

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\##     Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 28, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Memory Lane Music Group LLC, PO Box 254, Port Washington, NY 11050-5254 |
| smg | | NYS Unemployment Insurance, Attn: Insolvency Unit, Bldg. #12, Room 256, Albany, NY 12201 |
| smg | + | United States of America, Secretary of the Treasury, 15th Street & Pennsylvania Ave. NW, Washington, DC 20220-0001 |
| 10065410 | + | Abiersack - AF, c/o David Weise & Assoc., 16000 Ventura Blvd., Suite 600, Encino, CA 91436-2753 |
| 10065411 | + | Alicia Razaf Georgiade, Wixen Music Publishing, 24025 Park Sorrento, Suite 130, Calabasas, CA 91302-4003 |
| 10065412 | + | All Shall Perish In., 120 Village Square, Suite 83, Orinda, CA 94563-2502 |
| 10065413 | + | Audigy Music - AF, c/o David Weise & Assoc, 16000 Ventura Blvd., Suite 600, Encino, CA 91436-2753 |
| 10065414 | + | Bataan Music Co, c/o Bataan Nittollano, 1880 Lafayette Avenue, Bronx, NY 10473-2749 |
| 10065415 | + | Beardog Publishing Co, Clint Ballard, 207 W Hickory Street, Suite 109, Denton, TX 76201-4148 |
| 10065416 | + | Benny Davis Music Co., c/o Susan Rutrough, 4900 SW 60 Pl., Miami, FL 33155-6218 |
| 10065417 | + | Capital One Bank, 299 Park Avenue, New York, NY 10171-0009 |
| 10065419 | + | Classified Music, c/o David Jordan, 6827 Cover Avenue, Hamtramck, MI 48212-2013 |
| 10065421 | + | David Mann Music Co, 3 Daniel Lane, Butler, NJ 07405-2854 |
| 10065423 | + | DeRose Music, c/o Songwriters, Guild of America, PO Box 2083, Brentwood, TN 37024-2083 |
| 10065424 | + | Diversified Music, c/o David Jordan, 6827 Cover Avenue, Hamtramck, MI 48212-2013 |
| 10065425 | + | Downtown Music Publishing, 155 6th Avenue, New York, NY 10013-1514 |
| 10065426 | + | Erasmus Music Inc, Sony ATV Music, 8 Music Square, Nashville, TN 37203-3204 |
| 10065427 | | Erasmus Music Inc, c/o Seashore Music BV, West Duinweg 262 Gravenha, 2583 AK, Holland |
| 10065431 | + | HB Webman Ltd., 1650 Broadway, New York, NY 10019-6966 |
| 10065429 | + | Harold Adamson Music, c/o Songwriters, Guild of America, PO Box 2083, Brentwood, TN 37024-2083 |
| 10065430 | + | Harry Ruby (Busch Charles, c/o Songwriters, Guild of America, PO Box 2083, Brentwood, TN 37024-2083 |
| 10065433 | | Hygroton Music, Geraldine Hunt Milligan, 159 Church Hill, Apt. 207, Montreal, PQ J4V 2M2, Can |
| 10065434 | + | James F. Mchugh Trust, James F. McHugh Trust, 75 9th Avenue, 4th Floor, New York, NY 10011-7025 |
| 10065436 | + | Jewmaican Publishing, 11760 SW 25th Court, Building 18, Hollywood, FL 33025-7500 |
| 10065438 | + | Keniche Music, c/o Eddie Saunders, 120 Hillyer Street, East Orange, NJ 07017-1136 |
| 10065439 | + | Kudu Music Co., c/o Songwriters, Guild of America, PO Box 2083, Brentwood, TN 37024-2083 |
| 10065440 | + | Lil Poop's Publishing, c/o Elsie Price, Boston Way Street, Bldg 1, # 3, Asbury Park, NJ 07712-6831 |
| 10065441 | + | Major Songs Co., Arthur Kent Music Co., 2 Old State Rte 17, PO Box 572, Chester, NY 10918-0572 |
| 10065442 | + | Mark Spier, 66 Summit Road, Port Washington, NY 11050-3341 |
| 10065443 | | Minder Music Ltd., 18 Pindock Mews, London W9 2PY, ENGLAND |
| 10065444 | + | Reganesque Music Co, Spirit Two Music, 235 W 23rd Street, 4th Floor, New York, NY 10011-2371 |
| 10065445 | + | Regent Music Corporation, 235 West 23rd Street, 4th Floor, New York, NY 10011-2371 |
| 10065448 | + | Sausage 69 Music - AF, 16000 Ventura Blvd, Suite 600, Encino, CA 91436-2753 |
| 10065449 | + | Solar Systems Music, Sheila Davis, 441 E 20th Street, New York, NY 10010-7512 |
| 10065450 | + | Stanley Lebowsky Estate, c/o Robert Cavallo, 545 Madison Avenue, New York, NY 10022-4219 |
| 10065451 | + | Ted Varnick Music Co., c/o Songwriters, Guild of America, PO Box 2083, Brentwood, TN 37024-2083 |
| 10065453 | + | Toni R Music, Ms. Barbara Schwartz, 419 Santa Maria Drive, Irvine, CA 92606-0614 |
| 10065454 | | Truelove Music Studio 19F, Tower Workshops, Riley Road, London, SE1 3DG,, ENGLAND |
| 10065455 | + | Ulpio Minucci Music Co, c/o Ulpio Minucci, 8611 Burton Way, Unit 16, Los Angeles, CA 90048-3932 |
| 10065456 | | Unidisc Music Inc., c/o Matra Music Ltd, 87B Hymus Blvd, Pointe Claire, PQ H9R 4T2, Canada |
| 10065457 | | Universal Music Publishin, Royalty Dept, 136-144 New Kings Road, London SQ6 4FX, UK |

TOTAL: 41

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

| District/off: 0207-8 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Apr 26, 2022 | Form ID: pdf002 | Total Noticed: 45 |

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg |   Email/Text: sbse.cio.bnc.mail@irs.gov | Apr 26 2022 18:06:00 | Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346 |
| smg | + Email/Text: DOFBankruptcy@finance.nyc.gov | Apr 26 2022 18:06:00 | NYC Department of Finance, 345 Adams Street, Office of Legal Affairs, Brooklyn, NY 11201-3739 |
| smg | + Email/Text: nys.dtf.bncnotice@tax.ny.gov | Apr 26 2022 18:07:00 | NYS Department of Taxation & Finance, Bankruptcy Unit, PO Box 5300, Albany, NY 12205-0300 |
| smg | + Email/Text: ustpregion02.li.ecf@usdoj.gov | Apr 26 2022 18:06:00 | United States Trustee, Office of the United States Trustee, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, NY 11722-4456 |

TOTAL: 4

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 10065420 |  | Costa Demo Productions, Address Unknown |
| 10065422 |  | Degreg Music Co, Address Unknown |
| 10065428 |  | Fortranic Music, Address Unknown |
| 10065435 |  | Jay Zynczak, ADDRESS UNKNOWN |
| 10065437 |  | Jocelyn Brown Music Co., ADDRESS UNKNOWN |
| 10065446 |  | Rennartz Music, Address Unknown |
| 10065447 |  | Sanavan Music, Address Unknown |
| 10065452 |  | THEI II Music Co, Address Unknown |
| 10065458 |  | Warpfactor One Music, Address Unknown |
| 10065459 |  | Werner Chappell Music, 161 Hammersmith Rd, London W6 8BS, Englad |
| 10065418 | ##+ | Ched Music, Warner Chappell Music Inc, 10585 Santa Monica Blvd, Los Angeles, CA 90025-4950 |
| 10065432 | ##+ | Holee Music Co., 606 Shoreline Drive, Naples, FL 34119-1807 |

TOTAL: 10 Undeliverable, 0 Duplicate, 2 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 28, 2022      Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 26, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Howard P Magaliff | on behalf of Debtor Memory Lane Music Group LLC hmagaliff@r3mlaw.com |
| Ronald J Friedman | rjf@sallp.com  efilings@spallp.com |

| | | |
|---|---|---|
| District/off: 0207-8 | User: admin | Page 3 of 3 |
| Date Rcvd: Apr 26, 2022 | Form ID: pdf002 | Total Noticed: 45 |

Stan Y Yang
    stan.y.yang@usdoj.gov  stan.y.yang@usdoj.gov

United States Trustee
    USTPRegion02.LI.ECF@usdoj.gov

TOTAL: 4

THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re

    MEMORY LANE MUSIC GROUP LLC,

                                                        Debtor(s).

----------------------------------------------------------------x

Case No. 8-22-70838-ast

Chapter 11

## NOTICE OF RESET OF SECTION 341 MEETING OF CREDITORS

**YOU ARE HEREBY NOTIFIED** that the initial section 341 meeting of creditors for the above-captioned case, scheduled as an in-person meeting for May 16, 2022 at 10:00 a.m. will now be reset as a telephonic meeting and conducted **by telephone conference on** May 16, 2022 at 10:00 a.m. (the "Designated Meeting Time").

All parties shall appear by phone at the section 341 in accordance with the instructions below.

**Call-in Information**:

On the date and time set forth above, parties shall dial-in to the meeting using the following dialing instructions:

    Meeting Dial-in No: 877-929-0538 , and

    when prompted enter the Participant Code: 4551117 followed by #.

To avoid confusion or technical difficulties, attendees are instructed to call in at the Designated Meeting Time, not before that time, and to disconnect the call after their meeting is concluded. Thank you for you anticipated cooperation in this regard.

**Instructions for Testifying Debtors and Counsel**

No later than one day prior to the Designated Meeting time, the debtor and/or their counsel are required to email the trustees with an imaged copy of the debtor's photo identification **and** proof of the debtor's social security number ("Identification Documents") A copy of the Debtor's identification and proof of social security number must be provided to the trustee via a secure method, i.e., portal, encrypted email, etc. Identification Documents shall be those documents deemed acceptable in accordance with current applicable procedures.

Telephonic appearances shall be conducted in accordance with current applicable procedures for telephonic meetings. Accordingly, a Declaration Regarding Administration of Oath and Confirmation of Identity and Social Security Number form shall be completed by the individual performing this function and transmitted to the trustee immediately following the meeting.

Alternatively, if compliance with the procedures set forth above are not possible or practical under these emergent circumstances, the debtor's attorney may submit prior to the time of the scheduled meeting a declaration confirming that: (1) the attorney met with the debtor in-person; and (2) the attorney examined and verified the debtor's original identification documents and social security number. In such situations, upon notification by the debtor and/or their counsel that they are using the alternate procedures, the trustee will administer the oath telephonically at the commencement of the 341 meeting.

Date: April 26, 2022

Chapter 11 Trustee

/s/ United States Trustee

*Name* Stan Y. Yang, Trial Attorney

*Address* 560 Federal Plaza

          Central Islip, NY 11722