RICH MICHAELSON MAGALIFF LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Jeffrey N. Rich
Howard P. Magaliff

*Proposed Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                            :
                                                  :   Chapter 11
MEMORY LANE MUSIC GROUP, LLC     :   Case No. 22-70838 (AST)
                                                  :
                    Debtor.                  :
------------------------------------------------------------- x

# NOTICE OF HEARING ON DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE AUTOMATIC STAY TO CERTAIN NON-DEBTOR PARTIES

**PLEASE TAKE NOTICE**, that a hearing to consider the Debtor's *Motion for Entry of an Order Extending the Automatic Stay to Certain Non-Debtor Parties* (the "Motion") will be held on June 22, 2022 at 11:00 AM before the Honorable Alan S. Trust, Chief United States Bankruptcy Judge. The hearing will be conducted virtually using Zoom for Government. Parties wishing to appear must register in advance using the Electronic Appearance portal located on the Court's website at *https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl*.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing and conform to the Bankruptcy Code, the Bankruptcy Rules and Local Rules of the Bankruptcy Court, must set forth the name of the objecting party, the basis for the objection, and the specific grounds therefore, and must be filed with the Bankruptcy Court electronically in accordance with Administrative Order 476 by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Word, or any other Windows-based word processing format and served upon: (i) Rich Michaelson Magaliff, LLP, 335 Madison Avenue, 9th Floor, New York, NY 10017, Attn: Howard P. Magaliff, Esq., *hmagaliff@r3mlaw.com*, and (ii) the Office of the United States Trustee, 560 Federal Plaza, Suite 560, Long Island Federal Courthouse, Central Islip, NY 11722, Attn: Stan Y. Yang, Esq., *stan.y.yang@usddoj.gov* so as to actually be filed with the Bankruptcy Court and received by the parties listed above no later than June 15, 2022 at 5:00 p.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that if no objection is timely filed and received, the Bankruptcy Court may approve the Motion at the hearing. Objecting parties are required to attend the hearing and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
May 2, 2022

RICH MICHAELSON MAGALIFF, LLP
Attorneys for the Debtor
By:

/s/ Howard P. Magaliff
HOWARD P. MAGALIFF
JEFFREY N. RICH
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
*hmagaliff@r3mlaw.com*

Rich Michaelson Magaliff LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Jeffrey N. Rich
Howard P. Magaliff

*Proposed Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- x
In re:                                                      :
                                                            :           Chapter 11
MEMORY LANE MUSIC GROUP, LLC                                :           Case No. 22-70838 (AST)
                                                            :
                                    Debtor.                 :
----------------------------------------------------------- x

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING
THE AUTOMATIC STAY TO CERTAIN NON-DEBTOR PARTIES**

TO THE HON. ALAN S. TRUST,
CHIEF U.S. BANKRUPTCY JUDGE:

        Memory Lane Music Group, LLC ("MLMG" or the "Debtor"), by its attorneys Rich Michaelson Magaliff, LLP, respectfully submits this motion (the "Motion") for entry of an order pursuant to sections 105(a) and 362(a) of title 11, United States Code (the "Bankruptcy Code") extending the automatic stay to the non-debtor defendants in the State Court Action (defined below), and states:

**Preliminary Statement**

        1.      The Debtor is a defendant in an action pending in Supreme Court, New York County entitled *William Bunch, et al. v. Memory Lane Music Group, LLC, et al.*, Index No. 654117/2019 (the "State Court Action"). The plaintiffs in that action allege that they are the successors in interest to certain rights and interests of various American composers and songwriters including the rights to earnings arising from the exploitation of their songs throughout the world,

and that MLMG failed to provide semi-annual accountings to the plaintiffs accompanied by payment of all monies collected. The plaintiffs also sued Mark Spier ("Spier"), the Debtor's president and manager, three wholly owned subsidiaries of the Debtor, and three other entities. The plaintiffs claim that Spier, the wholly-owned subsidiaries and the three other entities alluded to above are all "alter-egos" of the Debtor.

2. The State Court Action is a straightforward breach of contract lawsuit against the Debtor, which unquestionably is stayed. The claims against Spier and the other defendants are alter ego claims, which under well-settled New York law are not standalone causes of action. The alter ego claims depend entirely upon the ability of the plaintiffs to pierce the corporate veil of MLMG, and as such cannot be prosecuted in the absence of MLMG. As discussed below, once the State Court Action is stayed against the Debtor, it must also be stayed against the non-debtor defendants.

3. Extension of the automatic stay to the non-debtor parties would relieve the Debtor's estate of the administrative burdens and costs associated with the State Court Action[1] and afford the Debtor the necessary breathing room intended by the automatic stay. As discussed *infra*, upcoming deadlines will require the defendants in the State Court Action to prepare and file motions *in limine*, and attend a pretrial conference where they must identify all of their witnesses and propound all of their trial exhibits. Without the relief requested, the Debtor will expend a significant amount of time and money in the next month and be forced to participate, at

---

[1] Despite the automatic stay as to it, MLMG will incur expenses to assist the other non-debtor parties defend against claims that allege wrongdoing against the Debtor and for which the other Defendants can only be held liable as alleged "alter-egos."

{00040841v6 }                                    2

least indirectly, in the State Court Action to protect its interests and minimize its exposure, depriving the Debtor of one of the fundamental debtor protections provided by the Bankruptcy Code.

## Background

4.  On April 25, 2022 (the "Petition Date"), MLMG filed a voluntary petition for relief under subchapter V of title 11, United States Code (the "Bankruptcy Code"). MLMG is a debtor in possession pursuant to section 1182(2) of the Bankruptcy Code with the rights and powers conferred by section 1184 of the Bankruptcy Code. Ronald J. Friedman was appointed as the subchapter V trustee pursuant to section 1183.

5.  The Debtor provides services to the music publishing industry including song registration, royalty collection, distribution, and negotiations and licensing. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the *Declaration of Mark Spier Pursuant to Local Bankruptcy Rule 1007-4* dated April 25, 2022.

## Jurisdiction

6.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference 601, dated December 5, 2012 (Amon, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Factual Background

### A.  The Non-Debtor Defendants in the State Court Action

Mark Spier is a 50% member, manager and president of the Debtor. The other 50% member is Spier Music Holding LLC. Spier makes all decisions about the management and

operations of MLMG, and is absolutely critical to the chapter 11 case and a successful reorganization.

7. Larry Spier Music, LLC ("LS Music") is a New York limited liability company whose sole member is the Debtor. The membership interests in LS Music are property of the estate. 11 U.S.C. § 541(a)(1). LS Music owns and administers copyrights in the U.S. for songwriters and publishers affiliated with ASCAP.

8. Scion Music Three LLC ("Scion Three") is a New York limited liability company whose sole member is the Debtor. The member interests in Scion Three are property of the estate. 11 U.S.C. § 541(a)(1). Scion Three owns and administers copyrights in the U.S. for songwriters and publishers affiliated with BMI.

9. Scion Music Four LLC ("Scion Four") is a New York limited liability company whose sole member is the Debtor. The member interests in Scion Four are property of the estate. 11 U.S.C. § 541(a)(1). Scion Four owns and administers copyrights in the U.S. for songwriters and publishers affiliated with SESAC. ASCAP, BMI and SESAC are performing rights organizations.

10. Royalty Solutions Corp. ("Royalty Solutions") is a New York corporation, which is owned 51% by Spier and 49% by a family trust and Spier's two children. Royalty Solutions performs royalty processing, licensing and back-end support services, primarily for record labels.

11. Princess Lola Music LLC ("Princess Lola") and Adaken Music Holding LLC ("Adaken") are New York limited liability companies that are each 50% owned by Logan Drew Music LLC and 50% owned by unrelated third parties. Mr. Spier is the manager of Logan

Drew Music. Princess Lola and Adaken are holding companies that own copyrights. MLMG administers those copyrights in foreign territories on their behalf in exchange for a fee.

      **B.**    **The State Court Action**

      12.    On July 18, 2019, plaintiffs William Bunch, Lisa Bunch, Lynne Bunch, Susan Anthony, Jeanne Rains, Gary Rowles and The ASCAP Foundation (collectively, "Plaintiffs") filed the State Court Action against MLMG, Spier (together with MLMG, the "Original Defendants") and certain John and Jane Does. The State Court Action alleges claims for (1) breach of contract; (2) breach of fiduciary duty; and (3) an equitable accounting.

      13.    Distilled to its essence, the State Court Action alleges that MLMG failed to remit royalties contractually due Plaintiffs, that such failure also amounted to an alleged breach of fiduciary duty (for which Plaintiffs seek punitive damages), and that Spier and the New Defendants (defined *infra*) should be held liable to Plaintiffs as alleged alter-egos of MLMG.

      14.    The Plaintiffs failed to prosecute the State Court Action for many months, flouted their discovery obligations and disobeyed at least one Supreme Court Order, all of which ultimately resulted in the State Court Action being dismissed in 2021 upon the application of MLMG and Spier.

      15.    In late 2021, after the Supreme Court dismissed the State Court Action, the Plaintiffs engaged new counsel and sought and obtained leave to reinstate the State Court Action. Shortly thereafter, the Plaintiffs sought leave to replace the John and Jane Doe defendants with certain alleged alter-egos of MLMG – LS Music, Scion Three, Scion Four, Royalty Solutions, Princess Lola and Adaken (collectively the "New Defendants," and together with the Original Defendants, the "Defendants").

16. To conserve party resources, and with the understanding that the New Defendants could and would seek to dismiss the claims asserted against them upon being served with process, the Original Defendants did not oppose Plaintiffs' efforts to replace the John and Jane Does with the New Defendants.

17. On February 28, 2022, the New Defendants filed a motion to dismiss all the claims asserted against them under CPLR 3211(a)(7). At the same time, Spier filed a motion to dismiss all the claims asserted against him under CPLR 3211(a)(7), and MLMG filed a motion to dismiss all but the breach of contract claim asserted against it under CPLR 3211(a)(7).

18. Plaintiffs opposed the motions to dismiss by propounding a proposed amended complaint, together with various evidentiary matter (with which they purported to amplify their pleading in accordance with applicable New York Court of Appeals precedent). In their reply, the Defendants agreed, as a matter of judicial economy, not to oppose the proposed amended complaint, but they elected to treat their motion to dismiss as addressing the legal sufficiency of the proposed amended complaint. In addition, Spier and Royalty Solutions – while vehemently disputing the veracity of the newly made allegations against them – did not contest that the proposed amended complaint adequately stated claims against them. However, the remaining Defendants – MLMG, Spier, Princess Lola, Adaken, LS Music, Scion Three and Scion Four – proceeded with their motion to dismiss.

19. Oral argument on the motion to dismiss was heard on April 12, 2022. The Supreme Court dismissed the breach of fiduciary duty and punitive damage claims, and took the remainder of the motion to dismiss on submission.

20. Defendants anticipate that the Plaintiffs will file a motion for summary judgment, which is due on May 3, 2022. Defendants will be required to incur substantial expense to oppose that motion. Motions *in limine* are currently due to be filed on May 1, 2022.

21. At the pre-trial conference set for May 11, 2022, the Defendants must identify all of their witnesses and propound all of their trial exhibits, which will require MLMG, Spier and the other Defendants to incur substantial expense to determine what documents they intend to use. The parties also may be required to submit case-specific requests to charge and proposed jury instructions, although it is possible that the Supreme Court may set a different deadline for this requirement.

### Basis for Relief

22. Enforcement of the automatic stay is a core feature of the Bankruptcy Court's jurisdiction. Section 362(a) of the Bankruptcy Code provides, in relevant part, as follows:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title … operates as a stay, applicable to all entities, of –
>
> 1. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.
>
> 3. any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> 6. any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

23. The legislative history of section 362 indicates that Congress intended for the scope of the automatic stay to be sweeping to effectuate its protective purpose on behalf of debtors:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

The scope of the automatic stay does not set the outer bounds of the types of actions that should be stayed, and in appropriate circumstances a court should order a stay to further section 362's purpose:

> [T]he Bankruptcy Courts must have the power to enjoin actions not covered by the automatic stay, in order that the bankruptcy case may proceed unembarrassed by multiple litigation.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 49 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840-41, 5973. *See Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503 (the automatic stay is "one of the most fundamental protections provided [to the debtor] by the bankruptcy laws."). The stay also protects creditors from being harmed by other creditors' efforts to pursue claims against the debtor, or to deprive the debtor of the rights and benefits of the bankruptcy process. *See A.H. Robins Co. v. Piccinin (In re A.H. Robins Co.)*, 788 F.2d 994, 998 (4th Cir. 1986) (the purpose of the automatic stay "is to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable

respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor").

24. While the stay directly applies to actions against a debtor, section 105(a) of the Bankruptcy Code confers broad equitable powers on bankruptcy courts to achieve the protections and promote the purposes of chapter 11. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Specifically, section 105(a) gives bankruptcy courts broad authority to enjoin or stay actions that are not directly subject to the section 362 stay:

> The court has ample … powers to stay actions not covered by the automatic stay. Section 105 … grants the power to issue orders necessary or appropriate to carry out the provisions of title 11. The district court and the bankruptcy court as its adjunct have all the traditional injunctive powers of a court of equity.

S. Rep. No. 989, 95th Cong., 2d Sess. 51 (1978); H. Rep. No. 595, 95th Cong., 1st Sess. 341-42 (1977); *see also* H. Rep. No. 95-595, 95th Cong., 1st Sess. 342-43 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess. 51-52 (1978) (the effect of an exception to the automatic stay under section 362(b) is not to make the action immune from injunction, and the court has power, under section 105, to stay actions not covered by the automatic stay). The automatic stay applies to actions against wholly-owned subsidiaries as well. *See, e.g.*, *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287-88 (2d Cir. 2003).

25. Courts have referred to the standard for extending the stay in the following way: "where a particular action against the non-debtor party threatens to adversely affect the debtor's reorganization efforts, courts are willing to extend § 362(a)'s coverage accordingly."

*Gucci, Am., Inc.*, 328 F. Supp. 2d at 441; *In re McCormick*, 381 B.R. at 601; *Rosetta Res. Operating LP v. Pogo Producing Co. (In re Calpine Corp.)*, 2007 Bankr. LEXIS 2025 at *5 (Bankr. S.D.N.Y. Apr. 30, 2007).

26. Thus, courts extend the automatic stay to non-debtors "only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd.*, 321 F.3d at 287; *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Enobrac Plumbing, Inc.*, 2018 U.S. Dist. LEXIS 23658 at *36 (E.D.N.Y. Feb. 12, 2018); *Capitol Records, Inc. v. MP3tunes, LLC*, 2012 U.S. Dist. LEXIS 87718 at *2 (S.D.N.Y. June 25, 2012); *Gucci, Am., Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp. 2d 439, 442 (S.D.N.Y. 2004). Examples of what courts have found to be claims that would have an immediate adverse economic consequence on a debtor include "claims to establish an obligation of which the debtor is a guarantor …, [and] a claim against the debtor's insurer." *Queenie, Ltd.*, 321 F.3d at 287; *In re McCormick*, 381 B.R. 594, 601 (Bankr. S.D.N.Y. 2008).

27. Courts also extend the automatic stay to non-debtor parties where "there is such identity between the debtor and the third party defendant that the debtor may be said to be the real party defendant and that a judgment against the third party defendant will in effect be a judgment or finding against the debtor." *In re A.H. Robins Co.*, 788 F.2d at 999; *see also Queenie, Ltd.*, 321 F.3d at 288; *In re Congregation Birchos Yosef*, 535 B.R. 629, 633 (Bankr. S.D.N.Y. 2015); *Gucci, Am., Inc.*, 328 F. Supp. 2d at 441 ("a § 362(a) stay may be imposed against a non-bankrupt party when such an identity of interest exists between the debtor and third party non-debtor that a judgment against the third party will directly affect the debtor."). Alter ego claims are quintessentially claims where the Debtor is the "real party defendant" and where a

judgment against the non-debtor Defendants "will in effect be a judgment or finding against the [D]ebtor."

## The Court Should Exercise its Broad Equitable Powers to Extend the Automatic Stay to the Non-Debtor Parties

28. Here, many justifications exist to extend the automatic stay. First and foremost, the claims asserted against the non-debtor Defendants in the State Court Action are derivative, alter ego claims. Piercing the corporate veil is a derivative cause of action which is only reached if the underlying cause of action is established. *See Schiano v. Marina, Inc.*, 2009 WL 2207525 (N.Y. Sup. Ct.). The alter ego claims have no independent basis in law and arise solely because of the alleged wrongdoing of the Debtor.

29. Under New York law, "an attempt of a third party to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners." *Morris v. State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 141 (1993) (internal citation omitted); *Vergara v. Bibhu, LLC*, 2017 NY Slip Op 31692(U), ¶ 3 (N.Y. Cnty. 2017) ("It is axiomatic that the corporation must be a defendant in an action in which plaintiff is seeking to pierce the corporate veil."); *see also Mannucci v. Cabrini Med. Ctr. (In re Cabrini Med. Ctr.)*, 489 B.R. 7, 16 (S.D.N.Y. 2012) (decided under New York law). A plaintiff may not file a "standalone cause of action" to pierce the corporate veil or to have alter ego liability. *Prac. Bldrs. Holdings, LLC v Jack E.N.T. Corp.*, 2016 NY Slip Op 30359 [U], at *7, 2016 WL 827394 at *7 (Sup. Ct., N.Y. Cnty. 2016). Accordingly, actions against third parties based upon piercing the corporate veil must be dismissed if the corporate entity files for bankruptcy on account of the automatic stay. *Mannucci v. Missionary Sisters of the Sacred Heart of Jesus*, 94 A.D.3d 471, 471 (1st Dep't 2012).

30. Because the Plaintiffs in the State Court Action solely assert that Spier and the New Defendants should be held liable as Debtor's alleged alter-egos, and because such claims can only succeed if, *inter alia*, the Plaintiffs establish liability on the part of Debtor, the "alter-ego" claims in the State Court Action should be dismissed or, at a minimum, stayed by this Court.

31. The State Court Action is also automatically stayed as against LS Music, Scion Three and Scion Four under section 362(a) of the Bankruptcy Code. As derivative of the claim against MLMG, sections 362(a)(1) and (a)(6) prohibit the continuation of the State Court Action against these wholly owned subsidiary defendants because the alter ego claims are in actuality claims against the Debtor. *See also Queenie, Ltd.*, 321 F.3d at 288. Further, since the Debtor's member interests in LS Music, Scion Three and Scion Four are property of the estate, section 362(a)(3) bars the continuation of the State Court Action against them.

32. The Court should also extend the automatic stay to Mr. Spier. As discussed *supra*, the alter ego claim is stayed against him for the same reasons it is stayed against LS Music, Scion Three and Scion Four. Moreover, Mr. Spier is the manager of the Debtor and the non-debtor Defendants. Courts have stayed proceedings against a "principal player in the corporation's reorganization process" where such proceedings will likely impede that party's role in the reorganization. *See, e.g., Desouza v. Plusfunds Grp., Inc.*, 2006 U.S. Dist. LEXIS 53392 at *7 (S.D.N.Y. Aug. 1, 2006) (internal citation and quotation omitted); *see also Islam v. LX Ave.*, 2019 U.S. Dist. LEXIS 208185 at *4-5 (S.D.N.Y. Nov. 19, 2019) (extending stay to non-debtors where "[r]emoving the services of any of them from the day to day operations would negatively impact the ability of the Corporate Defendants to reorganize."); *Nev. Power Co. v. Calpine Corp. (In re Calpine Corp.)*, 365 B.R. 401, 412 (S.D.N.Y. 2007) (upholding bankruptcy

court's extension of the automatic stay where non-debtor's involvement in personal litigation "would reduce the time [he] ha[s] to focus on the restructuring activities as well as [the debtor's] business operations.").

33. If the State Court Action is not stayed against Mr. Spier, he will be in the impossible position of having to attend to and manage the Debtor during the chapter 11 case while simultaneously directing extensive efforts in litigating claims against the Debtor outside of this Court. The Debtor should not be forced to suffer by having Mr. Spier focus his attention on anything other than reorganization.

34. The same reasoning and analysis applies to the claims asserted against Royalty Solutions, Princess Lola and Adaken. These are alter ego, derivative claims asserted for the purpose of recovering a claim of the Plaintiffs against the Debtor. The companies are managed by Mr. Spier. If the claim against MLMG is stayed, these must be too.

35. Finally, discovery in the State Court Action is closed. If the State Court Action is permitted to continue against all Defendants other than the Debtor and the Plaintiffs are successful, the Debtor may be deprived of an opportunity to contest the claims against it in the Supreme Court, and it may be barred from later challenging any rulings under the doctrine of collateral estoppel, or issue preclusion. Since the alter ego claims cannot be decided independent of the claims asserted against the Debtor, the Debtor will be prejudiced if those claims are allowed to proceed without the Debtor's participation. The automatic stay should be extended to the non-debtor parties because entry of a judgment against the non-debtor Defendants would, in effect, be a judgment against the Debtor's bankruptcy estate.

36. Litigating the State Court Action would be a significant burden on the Debtor's limited resources. The time and resources that would be needed to preserve the

Debtor's rights and defenses in the State Court Action would be costly to the estate and distract the Debtor and Mr. Spier from participating in the reorganization process, causing the Debtor and its creditors immediate and irreparable harm.

37.     By extending the automatic stay to the non-debtor Defendants, the Court will provide the Debtor with the "breathing spell" contemplated by section 362 and the opportunity to minimize administrative expenses that could frustrate its effort to maximize the value of the estate for the benefit of all creditors including the Plaintiffs. Extending the stay to cover the non-debtor Defendants is in the best interests of the Debtor, its creditors, and other parties in interest in this chapter 11 case.

38.     Based on the foregoing, the Debtor submits that the relief requested in this Motion is necessary and appropriate, is in the best interests of the estates, and should be granted in all respects.

**Reservation of Rights**

39.     Nothing in this Motion is intended to be or shall be construed as (i) an admission as to the validity of any claims of the Plaintiffs against the Debtor; (ii) an admission that Spier or the New Defendants are "alter-egos" of the Debtor; (iii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or, validity of the Plaintiffs' claims against the Debtor; or (iv) a waiver of any claims, counterclaims or causes of action that may exist against any of the Plaintiffs.

**Notice**

40.     The Debtor has given notice of this Motion to counsel for the plaintiffs in the State Court Action, all creditors and parties who filed a notice of appearance, and to the United States Trustee.

**WHEREFORE**, the Debtor requests that the Court enter an order in the form of

Exhibit 1, together with such other and further relief as is appropriate.

Dated:  New York, New York  RICH MICHAELSON MAGALIFF, LLP
        May 2, 2022  Attorneys for the Debtor
                                                    By:

                                                /s/ Howard P. Magaliff
                                                HOWARD P. MAGALIFF
                                                JEFFREY N. RICH
                                                335 Madison Avenue, 9th Floor
                                                New York, NY 10017
                                                646.453.7851
                                                *hmagaliff@r3mlaw.com*

**EXHIBIT 1**

{00040841v6 }

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                          :
                                                :       Chapter 11
MEMORY LANE MUSIC GROUP, LLC                    :       Case No. 22-70838 (AST)
                                                :
                    Debtor.                     :
------------------------------------------------------------- x

# ORDER EXTENDING THE AUTOMATIC
# STAY TO CERTAIN NON-DEBTOR PARTIES

Upon the motion dated May 2, 2022 (the "Motion") of Memory Lane Music Group, LLC ("MLMG" or the "Debtor"), by its attorneys Rich Michaelson Magaliff, LLP, for entry of an order pursuant to sections 105(a) and 362(a) of title 11, United States Code (the "Bankruptcy Code") extending the automatic stay to the non-debtor defendants in the State Court Action[1], and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b) and the Standing Order of Reference 601, dated December 5, 2012 (Amon, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been given to counsel for the plaintiffs in the State Court Action (as defined in the Motion), all creditors and parties who filed a notice of appearance, and the United States Trustee; and the Court having held a hearing to consider the relief requested in the Motion on June 22, 2022 (the "Hearing"); and upon all of the pleadings filed in connection with the Motion, the record of the Hearing and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor for the reasons stated by the Court at the Hearing, the

---

[1]   Capitalized terms not otherwise defined have the meanings given to them in the Motion.

{00040841v6 }

Court having determined that the legal and factual bases set forth in the Motion warrant the relief granted herein and that such relief is in the best interests of the Debtor, its estates, its creditors, and all parties in interest,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted to the extent set forth herein.

2. Pursuant to 11 U.S.C. §§ 362(a) and 105(a), the automatic stay is extended to the non-debtor Defendants in the State Court Action.

3. Nothing contained in this Order or the Motion shall be construed as (i) an admission as to the validity of any claims of the Plaintiffs against the Debtor; (ii) an admission that Spier or the New Defendants are "alter-egos" of the Debtor; (iii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or, validity of the Plaintiffs' claims against the Debtor; or (iv) a waiver of any claims, counterclaims or causes of action that may exist against any of the Plaintiffs.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.