UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Chapter 11 (Subchapter V)

   Memory Lane Music Group, Inc.,                      Case No. 22-70838-AST

                        Debtor.
-------------------------------------------------------------x

### SUBCHAPTER V OF CHAPTER 11 ORDER SETTING: (A) INITIAL CASE MANAGEMENT CONFERENCE; (B) CLAIMS BAR DATE; (C) 11 U.S.C. §1188 CONFERENCE; (D) DEADLINE FOR ELECTION UNDER 11 U.S.C. §1111(b)(2); AND (E) OTHER DEADLINES

Memory Lane Music Group, Inc. (the "Debtor") having filed a petition for reorganization under subchapter V of chapter 11 of title 11 of the United States Code, and the Court having determined that (i) an Initial Case Management Conference will aid in the efficient conduct and proper administration of the case and (i) an Order setting the date on which the 11 U.S.C. §1188 Conference shall be held and setting other deadlines required to be met under subchapter V of chapter 11 should be entered, it is hereby

**ORDERED**, that pursuant to 11 U.S.C. §§ 105(d) and 1188, to further the expeditious and economical resolution of this case, an Initial Case Management Conference and the § 1188 Status Conference (the "Conference") will be held by the undersigned Bankruptcy Judge at United States Bankruptcy Court, Eastern District of New York, Courtroom 960, 290 Federal Plaza, Central Islip, New York 11722, on **May 25, 2022, at 11:30 A.M.** (Prevailing Eastern Time); Debtor, Debtor's counsel and the subchapter V case trustee (the "SubV Trustee") shall appear; and it is further

**ORDERED**, that Debtor shall be prepared to address each of the following matters at the Conference:

1. the Debtor's eligibility to be a debtor under subchapter V of Chapter 11;
2. the nature of the Debtor's commercial or business activity and the reason for the subchapter V Chapter 11 filing;
3. compliance with 11 U.S.C. §§ 1116(2),(3),(4),(5),(6) and (7);
4. compliance with 11 U.S.C. §308;
5. the Debtor's financial condition, including post-petition operations and revenue;
6. debtor-in-possession financing;
7. the use of cash collateral;

8. any significant motions which the Debtor anticipates bringing before the Court including, but not limited to, sale motions;
9. matters relating to the retention of professionals (including any brokers or appraisers);
10. the status of any litigation involving the Debtor;
11. the status of the Debtor's insurance;
12. the status of opening debtor-in-possession bank account(s) and closing pre-petition bank account(s);
13. deadlines for the filing of a plan;
14. the use of alternative dispute resolution, if appropriate;
15. the scheduling of additional Case Management Conferences; and
16. any other case administrative matters, and it is further

**ORDERED**, that the SubV Trustee may attend the Conference and any adjourned Conference by phone; and it is further

**ORDERED**, that the Debtor shall file with the Court, and serve upon the Office of the United States Trustee, and the SubV Trustee, monthly operating reports during the pendency of this case; that the operating reports shall be in the form prescribed by the Office of the United States Trustee's Operating Guidelines and Reporting Requirements for Debtors-in-Possession and Trustees for cases pending in this District; and that the operating reports shall be served and filed on or before the 21st day of the month following the reporting period, and in the case of the initial operating report if the order for relief is within the first fifteen (15) days of a calendar month, the report shall be filed for the portion of the month that follows the order for relief, and if the order for relief is after the 15th day of a calendar month, the period for the remainder of the month shall be included in the report for the next calendar month; and it is further

**ORDERED**, that within seven (7) days following entry of the order for relief, the Debtor shall have served notice of the commencement of this case to any entity known to be holding money or property subject to withdrawal or order of the Debtor, (Fed. R. Bankr. P. 2015(a)(4); and it is further

**ORDERED,** that pursuant to 11 U.S.C. §§ 1187(a), 1116(1)(A), and 1116(1)(B), the Debtor shall file and serve the following documents with the petition for relief:

a. Debtor's most recent balance sheet;

  b. Debtor's most recent statement of operations;
  c. Debtor's cash-flow statement; and
  d. Debtor's most recent federal income tax return; and

the Debtor shall have filed and served any such documents not filed with the petition within seven (7) days following entry of the order for relief; and if the Debtor has not prepared one or more of the foregoing documents or, in the case of a federal income tax return, has not filed such a return, then in lieu of such document(s) and/or return, the Debtor shall within seven (7) days following entry of the order for relief file a declaration attesting to that fact under penalty of perjury; and it is further

  **ORDERED**, except as provided in Fed. R. Bankr. P. 3002(c), creditors other than governmental units shall file proof of their claim or interest not later than **June 27, 2022**, and 11 U.S.C. § 502(b)(9) and Fed. R. Bankr. P. 3002(c)(1) shall govern the timing of the filing of proof of claims by governmental units; and it is further

  **ORDERED**, prior to the date of the foregoing § 1188 Conference, at least on or before **May 18, 2022,** the Debtor shall file the report required by 11 U.S.C. § 1188(c) which "details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization," and the Debtor shall serve said report on the subchapter V case trustee, the United States Trustee, and all parties in interest; and it is further

  **ORDERED**, that on or before **July 25, 2022**, the Debtor shall file and serve a plan, (11 U.S.C. § 1189(b)) and such plan shall conform to the requirements of 11 U.S.C. §§ 1190 and 1191, along with the applicable provisions of 11 U.S.C. §§ 1123 and 1129 and, unless otherwise ordered, the Debtor shall use Official Form 425; and it is further

  **ORDERED**, that any secured creditor that wishes to make an election under 11 U.S.C. § 1111(b)(2), shall do so no later than **ten (10) days** following the filing of the plan; and it is further

  **ORDERED,** that failure to comply with this Order may result in the imposition of sanctions against the Debtor or Debtor's counsel, and in the Court's discretion, these sanctions might include, but are not limited to, conversion or dismissal of this case, and/or monetary sanctions and, in addition, any unexcused failure to attend any Conferences or to otherwise comply with this Order may constitute cause for conversion of this case to Chapter 7 or dismissal of this case pursuant to 11 U.S.C. § 1112; and it is further

**ORDERED**, that the Clerk of Court give notice of this Order to the Debtor, its counsel, the United States Trustee, the SubV Trustee and all creditors and parties in interest.



Dated: **May 6, 2022**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**