RICH MICHAELSON MAGALIFF LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Jeffrey N. Rich
Howard P. Magaliff

*Attorneys for the Debtors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                           :
                                                 :          Chapter 11
MEMORY LANE MUSIC GROUP, LLC,                    :          Case No. 22-70838-AST
                                                 :
                    Debtor.                      :
------------------------------------------------------------ x
In re:                                           :
                                                 :
SCION THREE MUSIC LLC,                           :          Chapter 11
                                                 :          Case No. 22-71407-AST
                    Debtor.                      :
------------------------------------------------------------ x
In re:                                           :
                                                 :
SCION FOUR MUSIC LLC,                            :          Chapter 11
                                                 :          Case No. 22-71410-AST
                    Debtor.                      :
------------------------------------------------------------ x
In re:                                           :
                                                 :
LARRY SPIER MUSIC LLC,                           :          Chapter 11
                                                 :          Case No. 22-71418-AST
                    Debtor.                      :
------------------------------------------------------------ x

### NOTICE OF HEARING ON DEBTORS' MOTION
### FOR ENTRY OF AN ORDER DIRECTING
### JOINT ADMINISTRATION OF CHAPTER 11 CASES

**PLEASE TAKE NOTICE**, that a hearing to consider the Debtor's *Motion for Entry of an Order Directing Joint Administration of Chapter 11 Cases* (the "Motion") will be held on June 29, 2022 at 11:30 AM before the Honorable Alan S. Trust, Chief United States Bankruptcy Judge. The hearing will be conducted virtually using Zoom for Government. Parties wishing to appear must register in advance using the Electronic Appearance portal located on the Court's website at *https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl*.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing and conform to the Bankruptcy Code, the Bankruptcy Rules and Local Rules of the Bankruptcy Court, must set forth the name of the objecting party, the basis for the objection, and the specific grounds therefore, and must be filed with the Bankruptcy Court electronically in accordance with Administrative Order 476 by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Word, or any other Windows-based word processing format and served upon: (i) Rich Michaelson Magaliff, LLP, 335 Madison Avenue, 9th Floor, New York, NY 10017, Attn: Howard P. Magaliff, Esq., *hmagaliff@r3mlaw.com*, and (ii) the Office of the United States Trustee, 560 Federal Plaza, Suite 560, Long Island Federal Courthouse, Central Islip, NY 11722, Attn: Stan Y. Yang, Esq., *stan.y.yang@usddoj.gov* so as to actually be filed with the Bankruptcy Court and received by the parties listed above no later than June 28, 2022 at 5:00 p.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that if no objection is timely filed and received, the Bankruptcy Court may approve the Motion at the hearing. Objecting parties are required to attend the hearing and failure to appear may result in relief being granted or denied upon default.

Dated:  New York, New York                           RICH MICHAELSON MAGALIFF, LLP
         June 22, 2022                                         Attorneys for the Debtors
                                                                       By:

/s/ Howard P. Magaliff
HOWARD P. MAGALIFF
JEFFREY N. RICH
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
*hmagaliff@r3mlaw.com*

RICH MICHAELSON MAGALIFF LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Jeffrey N. Rich
Howard P. Magaliff

*Attorneys for the Debtors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| MEMORY LANE MUSIC GROUP, LLC, | : | Case No. 22-70838-AST |
| | : | |
| Debtor. | : | |

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| SCION THREE MUSIC LLC, | : | Chapter 11 |
| | : | Case No. 22-71407-AST |
| Debtor. | : | |

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| SCION FOUR MUSIC LLC, | : | Chapter 11 |
| | : | Case No. 22-71410-AST |
| Debtor. | : | |

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| LARRY SPIER MUSIC LLC, | : | Chapter 11 |
| | : | Case No. 22-71418-AST |
| Debtor. | : | |

------------------------------------------------------------ x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

TO THE HON. ALAN S. TRUST,
CHIEF U.S. BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debt-

ors"), by their attorneys Rich Michaelson Magaliff, LLP, respectfully state as follows in support

of this motion (this "Motion"):

{00041927v2 }

## Relief Requested

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached as <u>Exhibit 1</u> (the "<u>Order</u>"), (a) directing procedural consolidation and joint administration of these chapter 11 cases and (b) granting related relief. Specifically, the Debtors request that the United States Bankruptcy Court for the Eastern District of New York (the "<u>Court</u>") maintain one file and one docket for all of the jointly-administered cases under the case of Memory Lane Music Group LLC, and that the cases be administered under a consolidated caption, as follows:

```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                           :
                                                 :              Chapter 11
MEMORY LANE MUSIC GROUP LLC, et al.,             :              Case No. 22-70838-AST
                                                 :
                         Debtors.                :              Jointly Administered
------------------------------------------------------------- x
```

2. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Memory Lane Music Group LLC:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of Memory Lane Music Group LLC, Scion Three Music LLC, Scion Four Music LLC and Larry Spier Music LLC. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-70838-AST.

3. The Debtors also seek authority to file their monthly operating reports required by Local Bankruptcy Rule 2015-1 and the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee

for the Eastern District of New York (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, *etc.*) on a debtor-by-debtor basis in each monthly operating report.

## Jurisdiction and Venue

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

7. On April 25, 2022 (the "Petition Date"), Memory Lane filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. Memory Lane is a debtor in possession pursuant to section 1182(2) of the Bankruptcy Code with the rights and powers conferred by section 1184 of the Bankruptcy Code. Ronald J. Friedman was appointed as the subchapter V trustee pursuant to section 1183. The Debtor provides services to the music publishing industry including song registration, royalty collection, distribution, and negotiations and licensing.

8. On June 14, 2022, Scion Three Music LLC ("Scion Three"), Scion Four Music LLC ("Scion Four") and Larry Spier Music LLC ("LSM", and together with Scion Three and Scion Four, the "Subsidiary Debtors") each filed voluntary petitions for relief under subchapter V of chapter 11 of the Bankruptcy Code. Scion Three, Scion Four and LSM are each a debtor in possession pursuant to section 1182(2) of the Bankruptcy Code with the rights and powers conferred by section 1184 of the Bankruptcy Code. Scion Three owns and administers

copyrights in the U.S. for songwriters and publishers affiliated with BMI. Scion Four owns and administers copyrights in the U.S. for songwriters and publishers affiliated with SESAC. ASCAP, BMI and SESAC are performing rights organizations. LSM owns and administers copyrights in the U.S. for songwriters and publishers affiliated with ASCAP.

**Basis for Relief**

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f … two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

11. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

12. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Motion Practice

13. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Bankruptcy Rule 9013-1(a).

## Reservation of Rights

14. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Notice

15. The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the Eastern District of New York; (b) secured creditors; (c) the holders of the 20 largest unsecured claims against each Debtor; (d) the subchapter V trustee; and (e) any party that

has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

16. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of the Order, substantially in the form attached as Exhibit 1 granting the relief requested herein, and granting such other relief as is just and proper.

Dated: New York, New York  
June 22, 2022

RICH MICHAELSON MAGALIFF, LLP  
Attorneys for the Debtors  
By:

/s/ Howard P. Magaliff  
HOWARD P. MAGALIFF  
JEFFREY N. RICH  
335 Madison Avenue, 9th Floor  
New York, NY 10017  
646.453.7851  
*hmagaliff@r3mlaw.com*

# EXHIBIT 1

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re:                                                    :
                                                          :        Chapter 11
MEMORY LANE MUSIC GROUP LLC,                              :        Case No. 22-70838-AST
                                                          :
            Debtor.                                       :
---------------------------------------------------------- x
In re:                                                    :
                                                          :
SCION THREE MUSIC LLC,                                    :        Chapter 11
                                                          :        Case No. 22-71407-AST
            Debtor.                                       :
---------------------------------------------------------- x
In re:                                                    :
                                                          :
SCION FOUR MUSIC LLC,                                     :        Chapter 11
                                                          :        Case No. 22-71410-AST
            Debtor.                                       :
---------------------------------------------------------- x
In re:                                                    :
                                                          :
LARRY SPIER MUSIC LLC,                                    :        Chapter 11
                                                          :        Case No. 22-71418-AST
            Debtor.                                       :
---------------------------------------------------------- x

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order: (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

creditors, and other parties in interest; and this Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. Pursuant to Bankruptcy Rule 1015(b), the above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 22-70838-AST.

3. The caption of the jointly administered cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
In re:                                                         :
                                                               :   Chapter 11
MEMORY LANE MUSIC GROUP, LLC, et al.,                          :   Case No. 22-70838-AST
                                                               :
                        Debtors.                               :   Jointly Administered
--------------------------------------------------------------- x

4. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Memory Lane Music Group LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of Memory Lane Music Group LLC, Scion Three Music LLC, Scion Four Music LLC and Larry Spier Music LLC. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-70838-AST.

5.     One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

6.     The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, *etc*.) on a debtor-by debtor basis in each monthly operating report.

7.     Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.