RICH MICHAELSON MAGALIFF LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Jeffrey N. Rich
Howard P. Magaliff

*Attorneys for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re: :
 :  Chapter 11
MEMORY LANE MUSIC GROUP LLC, *et al.*, : Case No. 22-70838-AST
 :
 Debtors. : Jointly Administered
------------------------------------------------------------ x

# SUBSIDIARY DEBTORS' STATUS REPORT

Scion Music Three LLC, Scion Music Four LLC and Larry Spier Music LLC (the "Subsidiary Debtors" and together with Memory Lane Music Group LLC, the "Debtors"), by their attorneys Rich Michaelson Magaliff, LLP, respectfully submit this status report pursuant to 11 U.S.C. § 1188, and state:

1. The Debtors' largest creditors are the Plaintiffs in an action pending in Supreme Court, New York County entitled *William Bunch, et al. v. Memory Lane Music Group, LLC, et al.*, Index No. 654117/2019 (the "State Court Action"). The Plaintiffs allege that they are the successors in interest to certain rights and interests of various American composers and songwriters including the rights to earnings arising from the exploitation of their songs throughout the world, and that Memory Lane failed to provide semi-annual accountings to the plaintiffs accompanied by payment of all monies collected. The Plaintiffs also sued Mark Spier, the Debtor's president and manager, the Subsidiary Debtors, and three other entities. The Plaintiffs

claim that Spier, the Subsidiary Debtors and the three other entities are all "alter-egos" of Memory Lane.

2. The State Court Action is a straightforward breach of contract lawsuit. The Plaintiffs allege claims for (1) breach of contract; (2) breach of fiduciary duty; and (3) an equitable accounting. They seek actual damages of not less than $500,000 and punitive damages of not less than $2,000,000. The Supreme Court dismissed the breach of fiduciary duty and punitive damage claims, and took the remainder of the motion to dismiss on submission.

3. The Debtors' schedules reflect 49 non-insider creditors of Memory Lane, 15 non-insider creditors of Scion Three, 42 non-insider creditors of Scion Four, and 88 non-insider creditors of LSM. Excluding the Plaintiffs' litigation claims, and including once the claim of Pryor Cashman for which the Debtors have joint and several liability and the claim of Boston Scally Punk for which the Subsidiary Debtors are jointly and severally liable, there are 194 separate creditors with liquidated debts aggregating approximately $2,682,939 including secured and unsecured debt.

4. Prior to the filing, Memory Lane reached agreements with many of its creditors on the amounts of their claims. Memory Lane had several discussions with the Plaintiffs about settlement, but was unable to reach an agreement.

5. Since the filing, Memory Lane has shared its initial financial projections with the Plaintiffs and discussed the projected disposable income of the four Debtors that would be available to distribute to creditors over five years in a plan premised on the Debtors' substantive consolidation. Memory Lane has also had preliminary discussions about a settlement with the non-debtor defendants in the State Court Action that could enhance the Plaintiffs' overall recovery. Memory Lane has also shared its initial projections with the subchapter V trustee, who

is actively involved in trying to negotiate a consensual plan. The Debtors have an informal mediation with the subchapter V trustee and the Plaintiffs' counsel scheduled for July 22 to see if any progress toward settlement can be made.

6. The Plaintiffs have moved to dismiss the Debtors' cases, to lift the stay to allow the State Court Action to proceed, and for abstention. They also filed a complaint against Memory Lane seeking to have their contingent, unliquidated debts declared non-dischargeable pursuant to §§ 523(a) and 1192(2) of the Bankruptcy Code.

7. The Debtors have moved to substantively consolidate their cases and for a short extension of time to file a joint plan until after the bar date passes in the Subsidiary Debtors' cases, although the Debtors nonetheless anticipate timely filing a plan.

8. The Debtors do not anticipate that any creditor other than the Plaintiffs will actively oppose confirmation based on a distribution of the Debtors' projected disposable income over five years.

Dated:  New York, New York  
        July 21, 2022

RICH MICHAELSON MAGALIFF, LLP  
Attorneys for the Debtors  
By:

/s/ Howard P. Magaliff  
HOWARD P. MAGALIFF  
JEFFREY N. RICH  
335 Madison Avenue, 9th Floor  
New York, NY 10017  
646.453.7851  
*hmagaliff@r3mlaw.com*