# Robinson+Cole

GLENN P. GREENBERG

Chrysler East Building
666 Third Avenue, 20th floor
New York, NY 10017-4132
Main (212) 451-2900
Fax (212) 451-2999
ggreenberg@rc.com
Direct (212) 451-2933

**VIA ECF**

September 21, 2022

The Honorable Alan S. Trust, Chief Judge
United States Bankruptcy Court, Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza, Courtroom 960
Central Islip, New York 11722

Re: *In re Memory Lane Music Group, LLC, et al.*, **Case No. 22-70838 (AST)**
 **Discovery Dispute**

Dear Judge Trust:

 The *Bunch* Creditors respectfully request a court conference to address discovery disputes involving two categories of documents and information related to the Plan (Dkt. 60): (1) publisher administration agreements; and (2), all documents relating to the advice Debtors received from counsel that the claims against the non-debtor defendants "cannot proceed in state court independent of the claim against the Debtor." Exs. 1-2. The *Bunch* Creditors seek discovery of the first category to rebut Debtors' contention that these contracts are "not salable and ha[ve] no value." Dkt. 60 at 10. They seek discovery of the second category to help establish that the Plan cannot be approved because Debtors filed for bankruptcy in bad faith.

 Debtors' counsel and I met and conferred in good faith on September 15, 2022 and were able to resolve our clients' differences regarding other discovery requests, but have thus far been unable to reach agreement regarding discovery of the documents and information described above.[1]

**I. Debtors Should Produce the Administration Agreements.**

 Debtors should produce the administration agreements because these documents are relevant to the issue of whether the Plan satisfies 11 U.S.C. § 1129(a)(7). The Court cannot approve reorganization if a class of creditors would receive more if the company were liquidated

---

[1] Debtors' counsel has indicated that they will be providing an answer to Interrogatory No. 1 this week. *See* Exs. 3-4. The *Bunch* Creditors would also seek the Court's assistance regarding this Interrogatory if necessary.

Boston | Hartford | New York | Providence | Miami | Stamford | Los Angeles | Wilmington | Philadelphia | Albany | New London | rc.com

Robinson & Cole LLP

**Robinson+Cole**

Chief Judge Trust
September 21, 2022
Page 2

under Chapter 7.  11 U.S.C. § 1129(a)(7).  Debtors have stated that, as a result of these contracts, they expect to receive well over $300,000 over the next five years and, simultaneously, that these contracts "ha[ve] no value."  Dkt. 60 at 10.  These statements are irreconcilable.  The *Bunch* Creditors need to review the administration agreements to determine their value.

Debtors refused to produce copies of their administration agreements because they asserted that the request was "overbroad and burdensome," even though they also have stated that there are only approximately 75 to 80 such contracts.  Ex. 2 at 2.[2]  Instead, Debtors provided a summary chart that does not identify the songs or songwriters' catalogs covered by each agreement.  *See* Ex. 2 at 2.  However, without seeing the actual agreements – which presumably will identify the songs or songwriters' catalogs covered by each agreement – it is simply impossible to assess the value of the agreements in order to rebut Debtors' assertion in the Plan that the agreements are of no value.

**II.    Debtors Should Produce the Documents Relating to the Advice by Counsel that the Claims Against Non-Debtor Defendants "Cannot Proceed in State Court Independent of the Claim Against the Debtor."**

Debtors filed the bankruptcy proceedings in bad faith – and therefore the Plan is not confirmable – if they did so to avoid proceeding to trial on claims against non-debtors.  *See e.g.*, *In re D&G Constr. Dean Gonzalez, LLC*., 635 B.R. 232, 238-39 (Bankr. E.D.N.Y. 2021) ("*D&G*"). MLMG stated in its first day declaration that

> SGA filed litigation against Memory Lane Music on behalf of the five clients.  In addition to Memory Lane, the defendants include myself, three wholly owned subsidiaries of Memory Lane, and three affiliated entities.  The claims against the non-debtor defendants are alter ego claims, and I am advised by counsel that these claims cannot proceed in state court independent of the claim against the Debtor.

---

[2] The number of contracts was reported to the undersigned by Debtors' counsel during the September 15, 2022 meet and confer.

# Robinson+Cole

Chief Judge Trust
September 21, 2022
Page 3

Case No. 22-70838, Dkt. 2 at 3.  As stated in the motion to dismiss, it therefore appears that Debtors improperly filed for bankruptcy to achieve a litigation advantage and avoid an adverse judgment against the non-debtors.  *D&G*, 635 B.R. at 238-39; *see also* 11 U.S.C. § 1129(a)(3).

The *Bunch* Creditors sought documents – and are seeking testimony – regarding Debtors' counsel's advice in order to establish that Debtors filed for bankruptcy in bad faith.  Ex. 2 at 4; Ex. 5 at 4.  Debtors have refused to provide this information on the basis of attorney-client privilege.  Ex. 2 at 4.  However, MLMG waived attorney-client privilege regarding these communications when they "disseminated information to the public that reveals parts of privileged communications." *In re Grand Jury Proceedings*, 219 F.3d 175, 184 (2d Cir. 2000); *see id.* at 182-84; *see also Favors v. Cuomo*, 285 F.R.D. 187, 198-99 (E.D.N.Y. 2012).  As a result, Debtors should be produce the documents called for in the last document request in Exhibit 1.

## Conclusion

For the foregoing reasons, the *Bunch* Creditors respectfully request a court conference regarding Request Nos. 1 and 8 in Exhibit 1.

Respectfully,

*/s/ Glenn Greenberg*

Glenn Greenberg

CC:   All counsel of record via ECF