**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | CHAPTER 11 (Jointly Administered) |
| MEMORY LANE MUSIC GROUP, LLC, *et al.* | CASE NO. 22-70838 (AST) |
| DEBTORS. | |

**THE *BUNCH* CREDITORS FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS REGARDING DEBTORS' JOINT SUBCHAPTER V PLAN OF REORGANIZATION**

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, Federal Rules of Civil Procedure 26 and 34, by and through their undersigned counsel, on behalf of the *Bunch* Creditors,[1] hereby requests that Memory Lane Music Group, LLC ("Memory Lane"), Scion Three Music, LLC, Scion Four Music, LLC, and Larry Spier Music, LLC (collectively referred to in this Request as "DEBTORS"), produce the DOCUMENTS described herein for inspection and copying at the offices of Robinson & Cole, Attn: Glenn Greenberg, LLP, 666 Third Avenue, 20th Floor, New York, NY 10017, on or before September 7, 2022.

## I. DEFINITIONS

The definitions of terms provided by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure, where applicable, are incorporated herein by reference.

1. "ADMINISTRATION AGREEMENTS" means the same thing as "the administration agreements" in Article III of the PLAN.

2. "ALL" means "ANY and ALL."

3. "ANY" means "ANY and ALL."

---

[1] William Bunch, Lisa Bunch, Lynne Bunch, Susan Anthony, Jeanne Rains, Gary Rowles, Patricia Varnick, and The ASCAP Foundation.

4.      "DECLARATION" refers to the Declaration of Mark Spier Pursuant to Local Bankruptcy Rule 1007-4 dated April 25, 2022 in the case *In re Memory Lane Music Group, LLC*, 22-70838 (AST).

5.      "DOCUMENTS" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure and includes any written, typed, printed, recorded, photographic, graphic, or other tangible matter, however produced or reproduced, and wherever located, which are in YOUR possession, custody or control, regardless of whether they are stored electronically or not.

6.      "INCLUDING" means "including, but not limited to."

7.      "PLAN" refers to Debtors' Joint Subchapter V Plan of Reorganization dated July 25, 2022 that was filed in *In re Memory Lane Music Group, LLC, et al.*, Case No. 22-70838 (AST).

8.      "RELATING TO" means consisting of, reflecting, concerning, or having any logical or factual connection with the matter in question.

9.      "VALUATION(S)" means the estimated worth of a thing or entity, INCLUDING any DOCUMENTS RELATING TO how the person or entity determined the estimated worth of said thing or entity.

10.     "YOU" and "YOUR" refers to DEBTORS, collectively and individually.

## II.     INSTRUCTIONS

1.      YOU are required to conduct a thorough investigation and produce all DOCUMENTS (as defined above) in YOUR possession, custody, and control, INCLUDING all DOCUMENTS in the possession, custody, and control of YOUR attorneys, former attorneys,

investigators, experts, officers, directors, employees, agents, representatives, and anyone acting on YOUR behalf.

2. YOU are required to produce the following categories of DOCUMENTS in compliance with the Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, incorporating the provisions of Federal Rule of Civil Procedure 26 and 34.

3. The use of either the singular or plural shall not be deemed a limitation and the use of the singular should be considered to include the plural and vice versa.

4. The words "and" and "or" shall be both conjunctive and disjunctive.

5. YOU are required to produce the full and complete originals, or copies if the originals are unavailable, of each DOCUMENT responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts or redactions. Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the DOCUMENT is reproduced and responding party or its authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete and an accurate duplication of the original(s).

6. YOU are required to produce the DOCUMENTS as they are kept in the usual course of business or to organize and label them to correspond with each category in these requests.

7. YOU are required to produce Electronically Stored Information ("ESI") in searchable form on DVDs, CD-ROMs, via FTP, or any other medium that is acceptable to counsel to the propounding party. If necessary, all ESI shall be translated before production into reasonably usable form. Unless otherwise specified, DOCUMENTS, reports, and other ESI created using any version of Microsoft Word, Powerpoint, Excel, Visio, or Access, Word

Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in <u>native form</u>; that is, the form in which the DOCUMENT is currently stored on whatever media it currently resides. The DOCUMENT should not be locked, resaved, restructured, "scrubbed" of unapparent or hidden content or any other data or metadata. <u>Electronic mail (e-mail) should be produced in native form</u>; that is, in whatever database and/or file/directory structures are used by YOUR e-mail processing software. All metadata and other unapparent or hidden data related to mail messages shall be produced, INCLUDING any file attachments, message priority flags, message read/access timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the email was sent.

8. If YOU withhold or redact a portion of any DOCUMENT under a claim of privilege or other protection, each such DOCUMENT must be identified by the following information:

    a. The date of the DOCUMENT;

    b. The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

    c. The name, address, telephone number and title of the author(s) of the DOCUMENT;

    d. The name, address, telephone number and title of each recipient of the DOCUMENT;

    e. The number of pages in the DOCUMENT;

    f. The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has (have) possession of DOCUMENT;

    g. A general description of the subject matter of the DOCUMENT or the portion redacted without disclosing the asserted privileged or protected communication; and,

  h. The specific privilege(s) or protection(s) that responding party contends applies.

### III. REQUESTS FOR PRODUCTION

1. ALL ADMINISTRATION AGREEMENTS.

2. ALL VALUATION(S) of the ADMINISTRATION AGREEMENTS.

3. ALL contracts between ANY of the DEBTORS and Atlas Music Corp. OR Downtown Music Corp. (INCLUDING any subsidiary or related entity such as, but not limited to, Downtown DLJ Songs).

4. ALL DOCUMENTS demonstrating that the musical works OR song titles that Memory Lane owns or claims to own are "worth approximately $300,000 after selling costs."

5. ALL VALUATION(S) of the musical works OR song titles that ANY of the DEBTORS owns or claims to own.

6. ALL DOCUMENTS RELATING TO the "Debtors estimate Allowed Professional Fee Claims to be $90,000 (inclusive of the Subchapter V Trustee's fees)."

7. ALL agreements between Capital One and ANY of the DEBTORS.

8. ALL DOCUMENTS RELATING TO the advice by counsel that the claims against the non-debtor defendants "cannot proceed in state court independent of the claim against the Debtor" as stated in the DECLARATION.

Dated: August 8, 2022
      New York, NY

ROBINSON & COLE, LLP

By: /s/ Glenn Greenberg
    Glenn Greenberg
    666 Third Ave., 20th Floor
    New York, NY 10017
    (212) 451-2933

    *Attorney for The* Bunch *Creditors*