**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | CHAPTER 11 (Jointly Administered) |
| MEMORY LANE MUSIC GROUP, LLC, *et al.* | CASE NO. 22-70838 (AST) |
| DEBTORS. | |

**THE *BUNCH* CREDITORS FIRST SET OF INTERROGATORIES TO DEBTORS REGARDING DEBTORS' JOINT SUBCHAPTER V PLAN OF REORGANIZATION**

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014, Federal Rules of Civil Procedure 26 and 33, by and through their undersigned counsel, on behalf of the *Bunch* Creditors,[1] hereby requests that Memory Lane Music Group, LLC ("Memory Lane"), Scion Three Music, LLC, Scion Four Music, LLC, and Larry Spier Music, LLC (collectively referred to in this First Set of Interrogatories as "DEBTORS"), respond to the following Interrogatories on or before September 7, 2022.

## I. DEFINITIONS

The definitions of terms provided by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure, where applicable, are incorporated herein by reference.

1. "ADMINISTRATION AGREEMENTS" means the same thing as "the administration agreements" in Article III of the PLAN.

2. "ALL" means "ANY and ALL."

3. "ALLOWED PROFESSIONAL FEE CLAIM" means the same thing as the phrase "Allowed Professional Fee Claim" meant in the PLAN.

4. "ANY" means "ANY and ALL."

---

[1] William Bunch, Lisa Bunch, Lynne Bunch, Susan Anthony, Jeanne Rains, Gary Rowles, Patricia Varnick, and The ASCAP Foundation.

5. "CONTACT INFORMATION" means address(es), telephone number(s), and e-mail address(es).

6. "DOCUMENTS" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure and includes any written, typed, printed, recorded, photographic, graphic, or other tangible matter, however produced or reproduced, and wherever located, which are in YOUR possession, custody or control, regardless of whether they are stored electronically or not.

7. "IDENTIFY" means:

   a. when used with respect to a natural person, stating the name, mailing address, email address, telephone number and business affiliation of that person;

   b. when used with respect to an organization or entity, stating the full name and mailing address, email address and telephone number of the entity; and

   c. when used with respect to a document, stating the names and titles of the author(s) and recipient(s), the subject matter, date, the present location and custodian of the document, and the Bates number if previously or contemporaneously produced.

8. "INCLUDING" means "including, but not limited to."

9. "PLAN" refers to Debtors' Joint Subchapter V Plan of Reorganization dated July 25, 2022 that was filed in *In re Memory Lane Music Group, LLC, et al.*, Case No. 22-70838 (AST).

10. "YOU" AND "YOUR" refers to DEBTORS, collectively and individually.

## II. INSTRUCTIONS

1. Unless stated otherwise, each Interrogatory refers to any time before the PLAN was filed.

2. The words "AND" and "OR" shall be both conjunctive and disjunctive.

3. YOU are to furnish all information that is available to YOU as of the date of YOUR answers to the Interrogatories, including any information obtained by or in the possession of YOUR attorneys, former attorneys, investigators, experts, officers, directors, employees, agents, representatives, and anyone acting on YOUR behalf. The Interrogatories are of a continuing nature and YOU are required to serve supplemental responses if YOU obtain or become aware of additional or different information after the date of YOUR initial answers.

4. If YOU are unable to answer any of the Interrogatories fully and completely, after exercising due diligence to obtain the information necessary to provide a full and complete answer, so state, and answer each such Interrogatory to the fullest extent possible, specifying the extent of YOUR knowledge and YOUR inability to answer the remainder, and setting forth whatever information or knowledge YOU may have concerning the unanswered portions thereof and efforts YOU made to obtain the requested information.

5. When an Interrogatory uses a term or word defined herein, each part of the definition is incorporated into the Interrogatory.

6. Any Interrogatory propounded in the singular shall also be read as if propounded in the plural and vice versa, to make the interrogatories inclusive rather than exclusive.

7. Any Interrogatory propounded in the present tense shall also be read as if propounded in the past tense and vice versa, to make the Interrogatories inclusive rather than exclusive.

8. For any DOCUMENT responsive to an Interrogatory that YOU have produced or are producing contemporaneously with YOUR responses to these Interrogatories, identify the Bates Number(s) responsive to said Interrogatory. Keep all DOCUMENTS in the manner that YOU received them.

9. For any information YOU withhold because of a claim of privilege or protection, state the nature of the information withheld and identify the precise privilege or protection claimed with sufficient specificity to permit a full determination of whether the claim of privilege or protection is valid. With respect to DOCUMENTS deemed by YOU to be privileged, provide the following information identifying those DOCUMENTS which YOU decline to produce:

   a. the Bates Stamp Number or other identifying number of the document;

   b. the date and title of the document;

   c. the author and recipient(s) of the document, including any persons who received a copy of the document;

   d. the subject matter of the document; and,

   e. the privilege or other basis upon which the DOCUMENT was withheld.

### III. INTERROGATORIES

1. IDENTIFY ALL people AND entities to whom YOU tried to sell the ADMINISTRATION AGREEMENTS AND provide their CONTACT INFORMATION.

2. IDENTIFY ALL people AND entities involved in advising OR determining that the ADMINISTRATION AGREEMENTS were "not easily transferable and have little or no value" and provide their CONTACT INFORMATION.

3. IDENTIFY ALL people AND entities involved in advising OR determining that the musical works OR song titles that Memory Lane claims to own are "worth approximately $300,000 after selling costs."

4. IDENTIFY ALL people AND entities involved in advising OR determining that the "rights administration business of the four Debtors is not salable and has no value" and provide their CONTACT INFORMATION.

4

5.      IDENTIFY how much YOU expect each professional will be paid as an ALLOWED PROFESSIONAL FEE CLAIM.

6.      IDENTIFY for what purposes OR services "additional attorneys' fees" would be incurred under a chapter 7 liquidation as stated in Article IX of the PLAN.

Dated: August 8, 2022
       New York, NY

ROBINSON & COLE, LLP

By: /s/ Glenn Greenberg_____
    Glenn Greenberg
    666 Third Ave., 20th Floor
    New York, NY 10017
    (212) 451-2933

    *Attorney for The* Bunch *Creditors*