**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | CHAPTER 11 (Jointly Administered) |
| MEMORY LANE MUSIC GROUP, LLC, *et al.* | CASE NO. 22-70838 (AST) |
| DEBTORS. | |

## NOTICE OF 30(b)(6) DEPOSITIONS OF DEBTORS

**PLEASE TAKE NOTICE**, that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, the *Bunch* Creditors[1] will take the deposition upon oral examination of the designated representative(s) for DEBTORS[2] in connection with the requested confirmation of Debtors' Joint Subchapter V Plan of Reorganization.

The deposition will take place on September 21, 2022, at Robinson & Cole, LLP, 666 Third Avenue, 20th Floor, New York, NY 10017, or at such other time, place, or manner as may be agreed to by the parties. The deposition will be taken under oath before an authorized court reporter or other officer authorized by law to administer oaths, will be recorded by stenographic means, may be videotaped, and shall continue from day to day until completed.

### DEFINITIONS

1. "ADMINISTRATION AGREEMENTS" means the same thing as "the administration agreements" in Article III of the PLAN.

---

[1] William Bunch, Lisa Bunch, Lynne Bunch, Susan Anthony, Jeanne Rains, Gary Rowles, Patricia Varnick, and The ASCAP Foundation.
[2] Memory Lane Music Group, LLC, Scion Three Music Group, LLC, Scion Four Music Group, LLC, and Larry Spier Music, LLC, collectively and individually.

2.      The terms "AND" and "OR" shall be defined to include both "and" and "or" and shall always be read to require the more inclusive answer.

3.      The term "ANY" means "ALL" and vice versa.

4.      "DECLARATION" refers to the Declaration of Mark Spier Pursuant to Local Bankruptcy Rule 1007-4 dated April 25, 2022 in the case *In re Memory Lane Music Group, LLC*, 22-70838 (AST).

5.      "DOCUMENTS" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure and includes any written, typed, printed, recorded, photographic, graphic, or other tangible matter, however produced or reproduced, and wherever located, which are in YOUR possession, custody or control, regardless of whether they are stored electronically or not.

6.      "INCLUDING" means "including, but not limited to."

7.      "PLAN" refers to Debtors' Joint Subchapter V Plan of Reorganization dated July 25, 2022 that was filed in *In re Memory Lane Music Group, LLC, et al.*, Case No. 22-70838 (AST).

8.      "RELATING TO" means consisting of, reflecting, concerning, or having any logical or factual connection with the matter in question.

9.      "VALUATION(S)" means the estimated worth of a thing or entity, INCLUDING any DOCUMENTS RELATING TO how the person or entity determined the estimated worth of said thing or entity.

10.     "YOU" and "YOUR" refers to DEBTORS, collectively and individually.

### INSTRUCTIONS

1.      Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable herein by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, DEBTORS shall

designate one or more officers, directors, managing agents, or other Persons who are knowledgeable and who consent to testify on their behalf with respect to the following topics. If no single witness is capable of testifying knowledgeably about all of the topics listed or for all of the DEBTORS, DEBTORS may designate more than one witness.

2.      Each of the Definitions and Instruction applies fully to each topic, notwithstanding that the Definitions or Instructions may be reiterated in whole or in part in conjunction with a particular topic, or that a particular topic may incorporate supplemental instructions or definitions.

### RULE 30(b)(6) TOPICS

1.      The PLAN, INCLUDING any statements made therein.

2.      ALL ADMINISTRATION AGREEMENTS.

3.      DEBTORS' attempts to sell the ADMINISTRATION AGREEMENTS within the past three years, INCLUDING any offers received.

4.      DEBTORS' attempts to receive a VALUATION of the ADMINISTRATION AGREEMENTS within the past three years, INCLUDING ANY VALUATION(S) OR offers received.

5.      DEBTORS' attempts to receive a VALUATION of the rights administration business of DEBTORS within the past three years, INCLUDING ANY VALUATION(S) OR offers received.

6.      DEBTORS' VALUATION(S) from the past three years of the musical works OR song titles that Memory Lane claims to own.

7.      Any offers DEBTORS have received within the past three years for the musical works OR song titles that Memory Lane claims to own.

8.    ALL contracts between ANY of the DEBTORS and Atlas Music Corp. OR Downtown Music Corp. (including any subsidiary or related entity such as, but not limited to, Downtown DLJ Songs).

9.    ALL agreements between Capital One and ANY of the DEBTORS.

10.    The advice by counsel that the claims against the non-debtor defendants "cannot proceed in state court independent of the claim against the Debtor" as stated in the DECLARATION, INCLUDING ANY discussions RELATING TO that advise.

11.    The DOCUMENTS YOU produced in this bankruptcy proceeding.

12.    YOUR interrogatory answers in this bankruptcy proceeding.

Dated: August 8, 2022

**ROBINSON & COLE, LLP**


By:    _/s/ Glenn Greenberg_____
Glenn Greenberg
666 Third Avenue, 20th Floor
New York, NY 10017
(212) 451-2933
ggreenberg@rc.com

*Attorney for the* Bunch *Creditors*